UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARON MYERS,<br><br>                              Plaintiff,<br><br>          - against -<br><br>WARNER BROS. ENTERTAINMENT INC.<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Caron Myers ("Myers" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Warner Bros. Entertainment Inc., ("Warner" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of eight copyrighted photographs and one video of NASCAR driver Dale Earnhardt Jr.'s wedding, owned and registered by Myers. Accordingly, Myers seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, residing at 423 North Shore Drive, Lexington, North Carolina, 27292. Plaintiff's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Warner is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at One Time Warner Center, New York, New York 10019.  Upon information and belief, Warner is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Warner has owned and operated a website at the URL: www.TMZ.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs and Video**

7.      On December 31, 2016, Myers attended Dale Earnhardt Jr. and Amy Reinmann's wedding and took photographs of the newly wed couple (the "Photographs"). See Exhibit A.

8.      On December 31, 2016 Myers also took video of the couple during their first dance (the "Video").

9.      Myers then published the Photographs and Video onto her Facebook page and Twitter Account.

10.     Myers is the author of the Photographs and Video and has at all times been the sole owner of all right, title and interest in and to the Photographs and Video, including the copyright thereto.

11.     The Photographs were registered with the United States Copyright Office and was given Copyright Registration Number VA 2-026-508.

12.     The Video was registered with the United States Copyright Office and was given pending Copyright Registration number 1-4318760793. See Exhibit B.

**B.     Defendant's Infringing Activities**

13.     Upon information and belief, on or about January 1, 2017, Warner ran an article on the Website entitled *DALE EARNHARDT JR. RACES TO THE ALTAR ON NYE…WINS TROPHY WIFE*. See http://www.tmz.com/2017/01/01/dale-earnhardt-jr-wedding-new-years-eve-photos/. The article prominently featured one of the Photographs and the Video. Upon information and belief, on or about January 1, 2017 Warner ran a slide show entitled DALE EANHARDT JR'S WEDDING. See http://www.tmz.com/photos/2017/01/01/dale-earnhardt-jrs-wedding/images/2017/01/01/c1c0xhcxgaap7j9-jpg. The article prominently featured the Photographs and the Video. A true and correct copy of the articles are attached hereto as Exhibit C1, C2, and C3.

14.     Upon information and belief, on or about January 1, 2017, Warner posted the Photographs on their mobile application and stated they were *EXCLUSIVE PHOTOS*. See Exhibit D.

15.     Upon information and belief, on or about January 1, 2017, Warner posted the Photographs on their TMZ Facebook page where the post received over 1,667 shares. Plaintiff wrote on the TMZ's Facebook post that she e-mailed them and private messaged TMZ and even

tweeted to Harvey Levin to remove the Photographs but they ignored her requests. See Exhibit
E.

16.     Upon information and belief, on or about January 1, 2017, Warner posted to
Photographs on their TMZ Twitter account with the headline, DALE EARNHARDT JR. GETS
MARRIED ON NEW YEAR'S EVE (PHOTO GALLERY). See Exhibit F.

17.     Warner did not license the Photographs or Video from Plaintiff for its articles and
social media websites, nor did Warner have Plaintiff's permission or consent to publish the
Photographs or Video on its Website.

18.     To this day, even after Plaintiff reached out to Defendant to remove the
Photographs and the Video they are still up.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST WARNER)**
**(17 U.S.C. §§ 106, 501)**

19.     Plaintiff incorporates by reference each and every allegation contained in
Paragraphs 1-18 above.

20.     Warner infringed Plaintiff's copyright in the Photographs and Video by
reproducing and publicly displaying the Photographs and Video on the Website. Warner is not,
and has never been, licensed or otherwise authorized to reproduce, publically display, distribute
and/or use the Photographs and Video.

21.     The acts of Defendant complained of herein constitute infringement of Plaintiff's
copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the
Copyright Act, 17 U.S.C. §§ 106 and 501.

22.     Upon information and belief, the foregoing acts of infringement by Warner have
been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs and Video, pursuant to 17 U.S.C. § 504(c).

25.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

26.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST WARNER**
**(17 U.S.C. § 1202)**

27.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-26 above.

28.     The conduct of Warner violates 17 U.S.C. § 1202(b).

29.     Plaintiff posted the Photographs and Video on her Facebook and Twitter page which had copyright management information on it.

30.     Upon information and belief, Warner went to Plaintiff Twitter page and copied the Photographs and pasted it onto the Website without the copyright management information. The falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

31.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Warner intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs and Video. Warner also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs and Video.

32.     As a result of the wrongful conduct of Warner as alleged herein, Plaintiff is entitled to recover from Warner the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Warner because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

33.     Alternatively, Plaintiff may elect to recover from Warner statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Warner be adjudged to have infringed upon Plaintiff's copyrights in the Photographs and Video in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Warner be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs and Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
        March 1, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
       Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Caron Myers*